| | |
|---|---|
| HENDERSON/VANCE HEALTHCARE, INC. f/k/a MARIA PARHAM MEDICAL CENTER, INC.<br>    Plaintiff,<br><br>v.<br><br>CINCINNATI INSURANCE COMPANY and DARWIN SELECT INSURANCE COMPANY,<br>    Defendants. | ORDER |

This cause comes before the Court on defendant Darwin Select Insurance Company's motion to dismiss and defendant Cincinnati Insurance Company's motion for judgment on the pleadings. A hearing was held on the matters before the undersigned on August 14, 2013, at Raleigh, North Carolina. For the reasons discussed below, defendants' motions are denied.

## BACKGROUND

Plaintiff (H/V Healthcare or plaintiff) filed this action seeking a declaration of the rights and obligations as between plaintiff and two of its insurance carriers, defendants Cincinnati Insurance Company (Cincinnati) and Darwin Select Insurance Company (Darwin). H/V Healthcare has been sued in Vance County Superior Court and contends that Cincinnati and Darwin both owe plaintiff a duty to defend it in the Vance County action. H/V Healthcare further asks that defendants indemnify it for past fees and costs incurred in the defense of the underlying suit. Both insurers assert that a "prior knowledge exclusion" provision in their separate policies is a bar to defense of the Vance County action.

The underlying complaint that H/V Healthcare is defending against states that it arises out

of a mediated settlement agreement between Dr. Wheeless and plaintiff; Dr. Wheeless and H/V Healthcare had a dispute from July 2004 through July 2006 regarding patient safety and H/V Healthcare's allegedly retaliatory treatment against Dr. Wheeless for his complaints. The settlement agreement purported to resolve the disputes between them, permitted Dr. Wheeless to enjoy consulting medical staff privileges, and provided that all proceedings related to the settlement would remain confidential. The settlement agreement was executed on July 24, 2006.

The Vance County complaint identifies a number of allegedly wrongful acts, which can generally be considered to fall into one of three categories: acts relating to conduct that formed the basis of entry of the July 24, 2006, mediated settlement agreement, the provision of Dr. Wheeless' records and other materials to the North Carolina Medical Board in February 2009, and improper actions by hospital staff, including but not limited to statements regarding Dr. Wheeless' availability and abilities as a physician. Dr. Wheeless filed suit against H/V Healthcare on August 25, 2011.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory

2

statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570. A Rule 12(c) motion for judgment on the pleadings raising the defense of failure to state a claim upon which relief can be granted is assessed under the Rule 12(b)(6) standard. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

## DISCUSSION

All parties agree that North Carolina law applies to the instant suit. It is also undisputed that plaintiff maintained insurance coverage with both defendants at the time the Vance County complaint was filed, and that both policies contain a prior knowledge exclusion. What remains for determination is whether the prior knowledge exclusion in either or both policies operates a bar to the carriers' duty to defend H/V Healthcare in the Vance County action.

In North Carolina, insurance policy provisions that extend coverage are construed liberally, while policy provisions that exclude coverage are strictly construed. *Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.*, 364 N.C. 1, 9-10 (2010). The duty to defend against an action is broader than an insurer's duty to pay damages. *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 691 (1986). In determining whether an insurer has a duty to defend in an action against the insured, a court compares the policy and the pleadings in the underlying action side-by-side, and any doubts must be "resolved in favor of the insured." *Id.* at 691. "When the pleadings state facts demonstrating that the alleged injury is covered by the policy, then the insurer has a duty to defend, whether or not the insured is ultimately liable." *Id.*

The Darwin policy, having a first inception date of April 1, 2009, provides that "any acts,

3

errors, omissions or occurrences taking place prior to . . . the inception date, if any insured on or before such date knew or reasonably could have foreseen that such act, error, omission or occurrence might result in a claim," is excluded from coverage [DE 15-1 at 34]. Darwin further issued H/V Healthcare an umbrella policy with a policy period of April 1, 2011, to April 1, 2012.

The Cincinnati policy, having an inception date of November 1, 2008, provides in pertinent part that it will not "pay, indemnify, or defend any 'claim' . . . based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving: any 'wrongful act' committed, attempted or allegedly committed or attempted prior to the 'policy period' . . . if, prior to . . . the date of policy inception, any of the 'policy insureds knew or should have reasonably foreseen that the 'wrongful act' may be the basis of a 'claim' [DE 1-3 at 14]."

I. THE VANCE COUNTY COMPLAINT WAS NOT REASONABLY FORESEEABLE

Although the Vance County complaint states that it "arises out of" the 2006 mediated settlement agreement, the Court does not find that plaintiff, as a matter of law, would have known or reasonably foreseen that the underlying Vance County action would arise out of or be based upon the July 2006 mediated settlement agreement with Dr. Wheeless. Indeed, plaintiff entered into a *settlement* agreement with Dr. Wheeless, purporting to resolve any issues between the parties relating to an upcoming peer review that had been initiated to review his conduct. The mediated settlement agreement further purported to resolve any issues between plaintiff and Dr. Wheeless regarding Dr. Wheeless' hospital privileges.

Though it is not aware of a North Carolina court having interpreted a prior knowledge exclusion similar to those at issue here, other courts have found such exclusions to apply where, for example, the conduct forming the basis of a later suit is so egregious that suit is likely, *see*

4

*Bryan Bros. Inc. v. Continental Cas. Co.*, 660 F. 3d 827 (4th Cir. 2011) (basis of suit is embezzlement of client funds), or where notice of a future claim is much more clear. *See e.g. Westport Ins. Corp. v. Albert*, No. Civ.A.Aw-04-2315, 2005 WL 1308534 *4 (D. Md. May 31, 2005) (prior knowledge exclusion applicable where claims in malpractice action had already been specifically alleged in probate action filed prior to the policy period); *Navigators Specialty Ins. Co. v. Scarinci & Hollenbeck, LLC*, No. 09-4317(WHW), 2010 WL 1931239 (D.N.J. May 12, 2010) (applying a mixed subjective-objective test to a prior knowledge exclusion and finding that both written and oral threat of suit more than a year before suit filed sufficient to satisfy objective test as to whether claim was reasonably foreseeable).

While Dr. Wheeless was clearly dissatisfied with the way in which some people associated with H/V Healthcare regarded or spoke about him, Dr. Wheeless did not engage in the type of conduct that would put a reasonable person on notice that suit may be filed against him. In a letter dated August 4, 2006, Dr. Wheeless' attorney noted that "I am not writing this letter in order to provoke disagreement or to bring about a confrontation. As I see it, both parties have settled their differences in this mediation . . . ." [DE 1-1 at 57; Ex. 3 to Vance Co. Cmp.]. In a 2007 letter regarding alleged issues with disparagement and consulting privileges, Dr. Wheeless' attorney noted that Dr. Wheeless expected the terms of the mediated settlement agreement to be fully honored, and requested remedial measures in the form of amending the hospital website and posting notices informing the public of Dr. Wheeless' privileges with the hospital [DE 1-1 at 63; Ex. 4 to Vance Co. Cmp.]. The 2007 letter does allude to a discussion that a civil action by Dr. Wheeless would, in H/V Healthcare's view, constitute a disavowal of the mediated settlement agreement, but Dr. Wheeless' attorney does not actually threaten suit, and goes on to state that he

5

believes that H/V Healthcare can sufficiently ensure that the terms of the mediated settlement agreement are being honored. The Court finds that such statements are simply not sufficient to put plaintiff on notice that it may be sued for conduct relating to the mediated settlement agreement or its implementation.[1]

II. SOME OF THE ALLEGED WRONGFUL ACTS ARE DISTINCT FROM THE MEDIATED SETTLEMENT AGREEMENT

"An insurer has a duty to defend where some of the allegations fall within the policy's coverage even if others do not." *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Sharpe Images, Inc.*, 3:11-CV-150, 2012 WL 3962747 (W.D.N.C. Sept. 11, 2012) (citing *Waste Mgmt.*, 340 S.E.2d at 378). Some of the "wrongful acts" alleged in the Vance County action happed years after and are unrelated to the mediated settlement agreement. For example, Dr. Wheeless contends that plaintiff had negligent records security policies or practices in place that allowed a whistleblower complaint to be filed with the North Carolina Medical Board in 2009, and that plaintiff failed to conduct an investigation into the security breach [DE 1-1 at 18-19]. This alleged conduct forms the basis of, *inter alia*, Dr. Wheeless' civil conspiracy claim against H/V Healthcare [DE 1-1 at 44-45]. Such allegedly 'wrongful acts' are not sufficiently related to the 2006 mediated settlement agreement, which resolved Dr. Wheeless' allegations regarding what he claimed to be an unfairly initiated peer review, to be fairly said to arise out of or be indirectly related to it. Therefore, even if some of the allegations in the Vance County complaint could be deemed to

---

[1] This finding further resolves Cincinnati's argument that H/V Healthcare failed to disclose that it knew of grounds for a future claim in violation of Cincinnati's proposal provision. Because plaintiff did not know nor could it have reasonably foreseen that the Vance County suit would be filed, it by extension would not have been "cognizant of any act . . . which [it] has reason to suppose might afford valid grounds for any future claim . . . . [DE 1-3 at 45].

6

have been reasonably foreseeable based on the mediated settlement agreement, because other of the wrongful acts alleged would not have been reasonably foreseeable, both defendants maintain a duty to defend.

Therefore, in light of North Carolina's long-standing rule that provisions excluding coverage must be strictly construed and "coverage clauses are interpreted broadly to provide the greatest possible protection to the insured," *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 542-43 (1986), the Court finds the prior knowledge exclusions at issue here do not bar defendants' duties to defend.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [DE 14] and the motion for judgment on the pleadings [DE 19] are DENIED. As the Court has determined that the prior knowledge exclusions do not operate to bar either defendant's duty to defend, the parties are DIRECTED to notify the Court within twenty-one (21) days of the date of entry of this order of the issues remaining for resolution in this declaratory judgment action.

SO ORDERED, this 24 day of September, 2013

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7

Case 5:13-cv-00068-BO   Document 31   Filed 09/25/13   Page 7 of 7